# STONE HILTON

October 30, 2025

*Via CM/ECF*

Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit

      Re:    *In re Media Matters for America, et al.*, No. 25-10630; Response to Petitioners' October 29 Letter

Dear Mr. Cayce:

      On September 16—44 days ago—the district court evaluated the eight private and public interest factors under 28 U.S.C. § 1404(a) and concluded that Petitioners failed to clearly establish that the Northern District of California is a more convenient forum. Yet only yesterday did Petitioners bring that order to this Court's attention and suggest that supplemental briefing is warranted. The Court should not entertain their request.

      If Petitioners disagree with the district court's September 16 order, the appropriate course would be for Petitioners to file a new mandamus petition. After all, the original petition does not discuss any issues associated with the district court's new order, let alone provide reasons that the order is wrong. *See* Fed. R. App. P. 21(a)(2)(B)(ii), (iv). At minimum, Petitioners should have requested permission to file a supplemental petition weeks ago. *See* 5th Cir. R. 28.4. Waiting over 40 days to do anything and, even then, failing to move for any relief, is facially insufficient.

      Petitioners' delay is all the more inexplicable given their recent frenzied action in the district court. Petitioners have prosecuted yet another motion to compel, *see* ECF Nos. 240, 249, 250, served additional discovery responses, and requested discovery from third-party witnesses. That behavior is inconsistent with their stated belief that the Northern District of Texas is an improper forum. In any event, new evidence demonstrates the correctness of the district court's order. Petitioners have confirmed, for example, that they transmitted the disputed articles to individuals inside the Northern District of Texas. They have also produced documents showing their intentional targeting of advertisers in the District, including AT&T. And discovery from multiple advertisers headquartered in the District remains ongoing.

      Finally, Petitioners are wrong to suggest that this mandamus action was held in abeyance. The only action that this Court held in abeyance was Petitioners' separate interlocutory appeal regarding donor-related discovery. Op. at 1, 12. This Court's opinion so stating controls over any



contrary language in a transmittal letter. The Court should therefore deny Petitioners' request for further briefing in this closed matter and lift the abeyance of the interlocutory appeal.

        Sincerely,

        */s/ Judd E. Stone II*
        Judd E. Stone II
        **STONE HILTON PLLC**
        600 Congress Ave., Suite 2350
        Austin, TX 78701
        judd@stonehilton.com
        (737) 465-3897